IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01446-MEH-BNB

SHONTAE D. COLLIER,

      Plaintiff,

v.

ARTISTIC ENTERPRISES, INC.,
d/b/a Artistic Beauty College,
ARTISTIC MANAGEMENT SERVICES, INC., an Arizona Corporation,

      Defendants.

---

## ORDER OF DISMISSAL

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference Pursuant to 28 U.S.C. § 636(c), this matter has been referred to me to conduct proceedings through trial or other disposition.

## BACKGROUND

Plaintiff filed her action in this Court, claiming racial discrimination and retaliation for engaging in protected activity, pursuant to Title VII of the Civil Rights Act of 1964, as amended, together with pendant state claims under the Colorado Anti-Discrimination Act (Docket #1). She subsequently amended her Complaint to add a Defendant, to clarify who her employer was in this incident (Docket #30). When this lawsuit was commenced, the Plaintiff was represented by counsel. Upon the requisite showing of grounds for withdrawal, however, counsel withdrew from this case and the Plaintiff now proceeds pro se (Docket #35).

Defendants Artistic Enterprises, Inc., d/b/a Artistic Beauty College, and Artistic Management Services, Inc., have appeared in this action (Docket #31). Defendant Artistic Enterprises, Inc., d/b/a

Artistic Beauty College ("Defendant") has filed a Motion to Dismiss which argues that the Plaintiff lacks standing to maintain this action and that judicial estoppel precludes any recovery by the Plaintiff (Docket #36). Defendant's position is based on the fact that the Plaintiff filed bankruptcy prior to bringing this lawsuit, but in the bankruptcy, made no mention of the employment discrimination claims she now brings in this Court even though she would have had knowledge of the claims at the time of her bankruptcy filing. Plaintiff filed no response to the motion, and did not request an extension of time in which to do so.

On March 15, 2007, an Order to Show Cause was issued to the Plaintiff, directing her to demonstrate to the Court, in writing, why the Motion to Dismiss should not be granted. Plaintiff was given until and including March 28, 2007, in which to file her response. She has failed to submit any written response to the Order to Show Cause, nor has she requested any extension of time to do so.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. In accordance with D.C.COLO.LCivR. 7.1C, Plaintiff's response to the Motion to Dismiss was due to be filed on or before March 12, 2007. As noted previously, no response was filed by the Plaintiff. Additionally, there has been no request for an extension of time in which to file a response. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 41(b)

allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id*. Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence by her failure to respond to the Defendant's Motion to Dismiss or to properly request an extension of time to respond, if she was unable to timely do so. Additionally, the Plaintiff has failed to respond to the Court's Order to Show Cause. For these reasons alone, dismissal of this action against the Defendants would be warranted.

Additionally, the merits of the Defendant's dispositive motion warrant dismissal of this action, with dismissal being warranted against both Defendants. In this regard, the Complaint alleges adverse employment actions by the Defendants against the Plaintiff on or about February 8, 2005, when she was terminated from her employment. As demonstrated in the Defendant's motion:

> Approximately three months [after Plaintiff's termination from employment], on May 3, 2005, Plaintiff filed a voluntary petition for protection under Chapter 7 of the federal bankruptcy laws and an Interim Trustee was appointed by the bankruptcy court. Three days later, on May 6, 2005, Plaintiff signed a formal charge of employment discrimination against the Defendant, which was filed with the Colorado Division of Civil Rights and the U.S. Equal Employment Opportunity Commission. On May 10, 2005, four days after signing the charge of discrimination, Plaintiff filed her Statement of Financial Affairs and Schedules in the bankruptcy case accompanied by a declaration, dated May 9, 2005, verifying the correctness of those schedules.
>
> The schedule of property filed with the bankruptcy petition made no mention of Plaintiff's employment discrimination claim. The case was subsequently administered by the Trustee as a "no asset" estate. On November 16, 2005, the bankruptcy court entered an order discharging the Plaintiff and the bankruptcy case was closed on January 25, 2006.
>
> Approximately six months later, on July 26, 2006, Plaintiff commenced the present action. . . .

DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT, Docket #36, pp. 2-3 (footnotes omitted).

Based upon these facts, which are undisputed or rebutted by the Plaintiff, she lacks standing to proceed in this case. Pursuant to the United States Bankruptcy Code, the trustee gains control of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Tenth Circuit noted that "causes of action belonging to the debtor fall within this definition." *Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996); *see Barger v. City of Cartersville*, 348 F.3d 1289, 1291 (11th Cir. 2003) ("[P]roperty of the bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy."). Regarding causes of action known to the debtor at the time of filing for bankruptcy, "the trustee stands in the shoes of the debtor," having equal rights to the claim as previously possessed by the debtor. *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996).

In the present case, Plaintiff's causes of action based on employment discrimination were known to her before she filed for bankruptcy in 2005. Before her bankruptcy, therefore, she owned these "choses in action."[1] She had an obligation to list any chose in action as an asset of the estate. After the filing of the bankruptcy, the trustee became the only person who could pursue the debtor's chose in action. *Sender v. Simon*, 84 F.3d at 1304-05. As of May 3, 2005, her claims against Defendants came under the control of her Chapter 7. Even though the bankruptcy action has been discharged, Plaintiff still has no control over any legal interest potentially at issue in this case. *See Anderson v. Acme Markets, Inc.*, 287 B.R. 624, 629 (E.D. Pa. 2002) (a cause of action that was never scheduled is not abandoned to the debtor under 11 U.S.C. § 554(c), when the bankruptcy is

---

[1] A "chose in action" is defined as a "'right to bring an action to recover a debt, money, or thing.'" *In re Luna*, 406 F.3d 1192, 1199 n.4 (10th Cir. 2005) (citation omitted).

closed and remains the property of the bankruptcy estate under 11 U.S.C. § 554(d)); *see also Harris v. St. Louis University*, 114 B.R. 647, 648-49 (E.D. Mo. 1990). Therefore, she has no standing to assert claims that should have been in her bankruptcy estate and should have been controlled by her Chapter 7 trustee.

One further issue must be addressed prior to a ruling on this issue.[2] In *Wieburg v. GTE Southwest Corp.*, 272 F.3d 302 (5th Cir. 2001), the court held that in such a case as this, when the plaintiff who is bringing suit does not have standing, prior to dismissing the complaint, the district court should address "the less drastic alternatives of either allowing an opportunity for ratification by the [t]rustee, or joinder of the [t]rustee." Here, as in *Wieburg* [*see* the court's decision after remand, 71 Fed. Appx. 440, 2003 WL 21417074 (5th Cir. June 2, 2003)], the Plaintiff's case should be dismissed even considering those factors. Plaintiff has made no effort whatsoever to prosecute this suit in the face of the Defendant's motion. She has given no indication that she would undertake to reopen her bankruptcy to seek joinder, ratification, or substitution of the trustee. Therefore, any such efforts would have to fall to the Defendants, which would be unfair, burdensome, and prejudicial. Accordingly, dismissal of this lawsuit for lack of standing by the Plaintiff is appropriate.

---

[2] There is a split in authority on the route to take in dismissing an action such as this, and this Court could find no Tenth Circuit law precisely on point. Some courts have held that a debtor's failure to disclose a cause of action during a bankruptcy case judicially estops the plaintiff from pursuing the claim. *E.g.*, *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2001); *Krystal Caddillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003). Other courts hold that the claim, disclosed or undisclosed, belongs to the trustee and results in a standing issue which alone mandates dismissal. *E.g.*, *Baxley v. Pediatric Servs. Of Am.*, 147 Fed. Appx. 59 (11th Cir. Aug. 10, 2005); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004) (suggesting that judicial estoppel does not apply but, rather, the more appropriate defense is standing). Still other courts, as noted in this paragraph, require the district court to make certain findings prior to dismissing a case for lack of standing. Because the case should be dismissed under any of these models, the Court need not adopt a position.

Based upon the determination that the Plaintiff lack standing, the alternate argument of the Defendants for summary judgment based on the doctrine of judicial estoppel is deemed moot.

Finally, even though the dispositive motion considered herein was filed on behalf of only one of the Defendants, dismissal as against both Defendants is appropriate. "[A] plaintiff must maintain standing at all times throughout the litigation for a court to retain jurisdiction." *Phelps v. Hamilton*, 122 F.3d 1309, 1315 (10th Cir. 1997). Plaintiff has not maintained standing, and based upon the record herein, cannot demonstrate standing as to her claims against either Defendant named in this lawsuit. Accordingly, complete dismissal against both Defendants is warranted.

## CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby ORDERED that the Defendant's Motion to Dismiss For Lack of Standing or, in the Alternative, For Summary Judgment Dismissing the Complaint [Filed February 16, 2007; Docket #36] is **granted** in part and **denied** in part, as set forth above. It is further ORDERED that this case is dismissed, in its entirety, against both Defendants named herein and that the dismissal is with prejudice.

Dated at Denver, Colorado, this 29th day of March, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge